EimerStahl LLP

224 South Michigan Avenue
Chicago, Illinois 60604-2516
Tel 312 660 7600

Nathan P. Eimer
312 660 7601
neimer@eimerstahl.com

October 20, 2026

**FILED VIA ECF**

The Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: ***California Regional Multiple Listing Service, Inc. v. Compass, Inc.*, No. 1:26-cv-08796-MKV (S.D.N.Y.)**

Dear Judge Vyskocil:

Pursuant to Rule 4(A)(i) of Your Honor's Individual Rules of Practice, Compass, Inc. ("Compass") respectfully requests a pre-motion conference in anticipation of its motion to dismiss the Complaint under the Declaratory Judgment Act, or, in the alternative, to transfer this action to the Central District of California under 28 U.S.C. § 1404(a). Compass also intends to move to stay proceedings pending resolution of the motion to dismiss or transfer. Plaintiff California Regional Multiple Listing Service, Inc. ("CRMLS") does not consent to the relief sought.

## I. Background

CRMLS is a California mutual benefit corporation headquartered in Chino Hills, California. Compl. ¶ 15. It operates a multiple listing service ("MLS") that aggregates real estate listings submitted by participating brokers and agents and makes them available to more than 94,000 California real estate professionals. *Id.* CRMLS is a combination of competing California-based brokers and agents who are subject to rules passed and enforced by CRMLS's Board of Directors, which is overwhelmingly composed of real estate brokers and agents who compete in the California real estate market. *See* ECF No. 1-2, at 9. Certain CRMLS rules block competition among real estate brokers and agents and deprive homeowners of the choice of how to publicly market their homes. Even though CRMLS does not own the home or represent the homeowner, CRMLS dictates how the homeowner and their agent must sell the home. CRMLS uses its anti-competitive rules to "block Compass' better home marketing product to protect Compass' competitors from having to compete with Compass on the merits for clients and agents." Complaint, *Compass, Inc. v. Cal. Reg'l Multiple Listing Serv. Inc.*, No. 5:26-cv-06121 (C.D. Cal. Oct. 16, 2026), ECF No. 1 (the "Compass California Complaint") ¶ 6. Under CRMLS's rules regime, "Compass is blocked from winning clients, from attracting agents, and from receiving the commissions and other benefits that would come from its competition through innovative marketing strategies." *Id.* ¶ 23.

On September 8, 2026, Compass demanded that CRMLS confirm by October 6, 2026, that it would stop enforcing its anticompetitive rules or face a federal antitrust suit. ECF No. 1-1, at 2. On October 5, 2026, just one day before Compass's deadline, CRMLS filed this action seeking declarations that one of its rules and an exception to that rule are lawful under federal and California law. Compl. ¶¶ 84, 89. On October 16, 2026, Compass and two of its California affiliates filed suit against CRMLS in the Central District of California, asserting claims under the Sherman Act, the Cartwright Act, and other California laws. *See* Compass California Complaint.

## II. Motion to Dismiss Under the Declaratory Judgment Act

Compass will move the Court to decline jurisdiction over CRMLS's anticipatory declaratory judgment action. Under the Declaratory Judgment Act, "district courts have 'broad . . . discretion . . . to refuse to exercise jurisdiction over a declaratory action that they would otherwise be empowered to hear.'"[1] *Admiral Ins. Co. v. Niagara Transformer Corp.*, 57 F.4th 85, 99 (2d Cir. 2023) (quoting *Dow Jones & Co. v. Harrods Ltd.*, 346 F.3d 357, 359 (2d Cir. 2003)).

One factor courts consider in determining whether to exercise their discretion is "whether the proposed remedy is being used merely for procedural fencing or a race to *res judicata*." *Id.* at 100 (internal quotation marks omitted). The Second Circuit has described actions "filed in response to a direct threat of litigation that give[] specific warnings as to deadlines and subsequent legal action" as "improper anticipatory declaratory judgment action[s]." *Emps. Ins. of Wausau v. Fox Ent. Grp., Inc.*, 522 F.3d 271, 275–76 (2d Cir. 2008). "As one commentator noted, a plaintiff should not be permitted to file 'a preemptive action in order to deprive the natural plaintiff of its choice of forum." *Id.* at 276 n.4 (quoting 17 James Wm. Moore, et al., *Moore's Federal Practice* § 111.13[1][c][i] (3d ed. 2007)). "Particularly where the filing of a declaratory judgment action is triggered by a notice letter, the Court presumes anticipatory conduct." *Wolff v. Trump*, No. 1:25-cv-10752-MKV, 2026 WL 1453606, at *22 (S.D.N.Y. May 22, 2026) (cleaned up). This is such a suit. CRMLS's complaint was triggered by Compass's demand letter and filed just one day before its deadline. It repeatedly cites Compass's October 6 deadline and imminent threat of litigation as the reason it sued. Compl. ¶¶ 4, 9, 18, 54, 83. Moreover, CRMLS seeks declarations that are nothing more than CRMLS's defenses to the California action, mislabeled as affirmative claims.

In analyzing whether to decline jurisdiction over an anticipatory declaratory judgment action, courts also consider whether the requested declaration would clarify the legal issues or end the controversy. *Admiral Ins. Co.*, 57 F.4th at 100. A declaration from this Court regarding the two rules that CRMLS's complaint addresses would do neither. The Compass California Complaint challenges an additional CRMLS rule and asserts additional California statutory and common-law claims, none of which are at issue in this action. Further, Compass's California affiliates that are plaintiffs in the California case but not parties here would not be bound by the Court's declarations. The California action offers a more effective remedy because only there are all relevant parties and claims before the court. *See N. Am. Airlines, Inc. v. Int'l Bhd. of Teamsters, AFL-CIO*, No. 04-CV-9949(KMK), 2005 WL 646350, at *21 n.26 (S.D.N.Y. Mar. 21, 2005) ("Here, dismissal is

[1] Although CRMLS requests an injunction, that remedy depends entirely on the declarations CRMLS seeks. *See Port Auth. of N.Y. & N.J. v. Kraft Power Corp.*, No. 11-CV-5624 (HB), 2012 WL 832562, at *4 (S.D.N.Y. Mar. 13, 2012).

appropriate . . . because the California Action, since it is more comprehensive than this case, represents a superior means of resolving the full legal dispute between the parties.").

Although the first-filed suit generally has priority, both of the two exceptions to that rule apply here. The first is "where the 'balance of convenience' favors the second-filed action." *Emps. Ins. of Wausau*, 522 F.3d at 275. For the reasons explained below, the balance of convenience strongly favors California. The second is where "special circumstances" exist, including when the "first-filed lawsuit is an improper anticipatory declaratory judgment action." *Id.* As explained above, this is just such an action. Therefore, the first-to-file rule does not give this suit priority.

## III. Alternative Motion to Transfer Under 28 U.S.C. § 1404(a)

Alternatively, Compass will move to transfer this action to the Central District of California. Jurisdiction and venue are proper there, where CRMLS is headquartered and every relevant event occurred. The Section 1404(a) factors strongly favor transfer. CRMLS's choice of forum is owed no deference because a plaintiff that sues outside its home forum for "tactical advantage" should earn none. *Iragorri v. United Techs. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001) (en banc). The operative facts, likely witnesses, and evidence are all in California. CRMLS has no presence in New York, and Compass's New York headquarters has no connection to CRMLS's rules, discipline, or the witnesses in this case. By its plain terms, CRMLS's complaint involves: a California corporation's MLS services for California-licensed agents; rules passed in California by that corporation's controlling actors; and the enforcement of those rules against California-licensed real estate professionals. CRMLS's Board of Directors is overwhelmingly composed of California-based professionals. Those witnesses, and Compass's California-based agents who have been disciplined pursuant to CRMLS's rules, would be subject to a California court's subpoena power, but not this Court's. *See* Fed. R. Civ. P. 45(c)(1). Further, a California court is best positioned to decide the Cartwright Act declaration CRMLS seeks.

In addition, because further proceedings would be inefficient and unduly burdensome pending resolution of the motion, Compass also will move the Court to stay all other proceedings, including its deadline to answer or otherwise move to dismiss the complaint under Rule 12, until the Court rules on the motion.

I thank the Court for its attention to this matter.

Respectfully submitted,

By: /s/ *Nathan P. Eimer*
Nathan P. Eimer (#1976067)
*Counsel for Defendant Compass, Inc.*

cc: Chambers (via VyskocilNYSDChambers@nysd.uscourts.gov)
Counsel of Record (via ECF)