EimerStahl LLP

224 South Michigan Avenue
Chicago, Illinois 60604-2516
Tel 312 660 7600

Nathan P. Eimer
312 660 7601
neimer@eimerstahl.com

October 22, 2026

**FILED VIA ECF**

The Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: ***California Regional Multiple Listing Service, Inc. v. Compass, Inc.*, No. 1:26-cv-08796-MKV (S.D.N.Y.)**

Dear Judge Vyskocil:

I write to bring to the Court's attention a development related to my letter of October 20, 2026, on behalf of Compass, Inc. ("Compass") requesting a pre-motion conference in anticipation of its motion to dismiss California Regional Multiple Listing Service, Inc.'s ("CRMLS") Complaint under the Declaratory Judgment Act, or, in the alternative, to transfer this action to the Central District of California under 28 U.S.C. § 1404(a).

Yesterday, six out-of-state multiple listing services ("MLSs") filed a joint complaint against Compass in this District. Compl., *Ariz. Reg'l Multiple Listing Serv., Inc. v. Compass, Inc.*, No. 1:26-cv-09253, ECF No. 1 (S.D.N.Y. Oct. 21, 2026). Like CRMLS's complaint, that complaint seeks declarations that those MLSs' rules do not violate federal or various state laws and an injunction barring Compass from suing those MLSs for violation of those laws. Though CRMLS is not a party to the complaint, the plaintiffs there designated this action as related. Related Case Statement, *Ariz. Reg'l Multiple Listing Serv., Inc. v. Compass, Inc.*, No. 1:26-cv-09253, ECF No. 4 (S.D.N.Y. Oct. 21, 2026). Like CRMLS, these MLSs sued in response to Compass's demand letters to stop enforcing their anticompetitive rules, and the deadlines that Compass set for the MLSs to respond.

The new complaint does not change the fact that CRMLS's complaint is an improper anticipatory declaratory judgment action, and it does not alter this Circuit's first-to-file analysis or the exception for such actions. *Emps. Ins. of Wausau v. Fox Ent. Grp., Inc.*, 522 F.3d 271, 276 & n.4 (2d Cir. 2008). Indeed, the new complaint is subject to dismissal for the same reason. Nor does the new complaint alter the Court's venue analysis under 28 U.S.C. § 1404(a) with respect to CRMLS's complaint. Nothing about that complaint alters this dispute's clear ties to California, where CRMLS is headquartered, where the events underlying this suit occurred, where the overwhelming majority of documents, evidence, and potential witnesses are located, and where CRMLS's anticompetitive conduct inflicts harm. To the extent CRMLS intends to argue that transfer would not be in the interest of judicial efficiency, that proposition would be "conjectural"

given that Compass has not decided whether to file any other cases, entitled to "modest" weight at best, and outweighed by the other factors courts consider under Section 1404(a). *See Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, 928 F. Supp. 2d 735, 743–47 (S.D.N.Y. 2013).

I thank the Court for its attention to this matter.

Respectfully submitted,

By: /s/ *Nathan P. Eimer*
Nathan P. Eimer (#1976067)
*Counsel for Defendant Compass, Inc.*

cc: Chambers (via VyskocilNYSDChambers@nysd.uscourts.gov)
Counsel of Record (via ECF)