224 South Michigan Avenue
Chicago, Illinois 60604
Tel 312 660 7600

EimerStahl LLP

Nathan P. Eimer
312 660 7601
neimer@eimerstahl.com

October 30, 2026

**FILED VIA ECF**

The Honorable Mary Kay Vyskocil
U.S. District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

Re: ***California Regional Multiple Listing Service, Inc., et al. v. Compass, Inc.*, No. 1:26-cv-08796-MKV [related to 1:26-cv-09253-MKV] (S.D.N.Y.)**

Dear Judge Vyskocil:

Pursuant to Rule 4(A)(i) of Your Honor's Individual Rules of Practice, Defendant Compass, Inc. ("Compass") renews and supplements its October 20, 2026, request for a pre-motion conference in light of the Amended Complaint, which adds OneKey® MLS LLC ("OneKey") as a plaintiff. ECF No. 13. Compass intends to move the Court to (1) dismiss the claims of both California Regional Multiple Listing Service, Inc. ("CRMLS") and OneKey (collectively, the "MLSs") under the Declaratory Judgment Act, or, in the alternative, (2) sever CRMLS's claims from OneKey's under Federal Rule of Civil Procedure 21 and transfer CRMLS's claims to the Central District of California under 28 U.S.C. § 1404(a). Compass also intends to move to stay proceedings pending the resolution of its intended motion. Compass also responds to the MLSs' October 28, 2026, letter. ECF No. 15.

## I. Background

As explained in Compass's initial pre-motion letter, on September 8, 2026, Compass demanded that CRMLS confirm by October 6, 2026, that it would stop enforcing its anticompetitive rules or face a federal antitrust suit. ECF No. 1-1, at 2. On October 5, 2026, the day before Compass's deadline, CRMLS filed this action seeking declarations that certain of its rules and an exception to that rule are lawful under federal and California law. Compl. ¶¶ 84, 89. Separately, on September 8, 2026, Compass sent a demand letter to OneKey, a New York MLS,[1] concerning OneKey's own rules. Am. Compl. ¶ 7. On October 20, 2026, the day of its extended response deadline, OneKey rejected Compass's demand. *Id.* ¶¶ 17, 72. One week later—just seven days after Compass filed its pre-motion letter regarding dismissal or transfer of CRMLS's claims out of this District—OneKey joined the action, although Compass has not sued OneKey. OneKey seeks declarations that three of its rules are lawful under federal and New York law. Am. Compl. ¶¶ 7, 103, 113. The MLSs now offer OneKey's claims as a basis for opposing Compass's motion and argue that transfer would "split this action in two." ECF No. 15, at 1.

[1] OneKey's principal place of business is in Farmingdale, New York, in the Eastern District of New York. *See* Am. Compl. ¶ 20; 28 U.S.C. § 112(c).

EimerStahl LLP



## II. Motion to Dismiss Under the Declaratory Judgment Act

For the reasons stated in Compass's October 20 letter, Compass will move the Court to decline jurisdiction over CRMLS's claims, which constitute an improper anticipatory action under the Declaratory Judgment Act. ECF No. 10. Adding OneKey as a plaintiff changes none of that, and OneKey's claims are improper for the same reason. OneKey sued one week after its extended response deadline and—like CRMLS—pleads that it filed suit because Compass's demand letter was a "real and imminent" threat of litigation. Am. Compl. ¶¶ 23, 85, 102; *see Emps. Ins. of Wausau v. Fox Ent. Grp., Inc.*, 522 F.3d 271, 275–76 (2d Cir. 2008). OneKey's claims seek to deprive Compass of its choice of forum and enjoin Compass from bringing its claims at all. Am. Compl., Prayer ¶ D. That is precisely the "procedural fencing" and "race to *res judicata*" the Act does not permit. *Admiral Ins. Co. v. Niagara Transformer Corp.*, 57 F.4th 85, 100 (2d Cir. 2023) (citation omitted). The MLSs do not hide their gamesmanship. Their letter announces OneKey's arrival under the heading "New York Nexus," calls its joinder "[c]ritical[]," and offers it as an avenue to keep CRMLS's California dispute out of California. ECF No. 15, at 1. Adding a New York party one week after Compass sought transfer is procedural fencing in its plainest form.

## III. Alternative Motion to Sever and Transfer CRMLS's Claims

Even if the Court declines to dismiss OneKey's claims, the Court should sever OneKey's claims from CRMLS's and send CRMLS's dispute to California. Federal Rule of Civil Procedure 21 "authorizes the severance of any claim, even without a finding of improper joinder, where there are sufficient other reasons for ordering a severance." *Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 618–19 (2d Cir. 1968) (explaining that severance prevents a plaintiff from defeating transfer by joining a party not subject to suit in the transferee district). Although severance is used only in limited circumstances, only one of five conditions needs to be present for a court to grant it: "(1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims." *Dickerson v. Novartis Corp.*, 315 F.R.D. 18, 24–25 (S.D.N.Y. 2016) (quoting *N.J. Media Grp. Inc. v. Fox News Network, LLC*, 312 F.R.D. 111, 114 (S.D.N.Y. 2015)). The factors favor severance.

*First*, the claims do not arise from the same transaction or occurrence. CRMLS and OneKey are unaffiliated MLSs in different states, governed by different boards that adopted and enforce different rules against different participants. Am. Compl. ¶¶ 6–7, 19–20, 37, 74–75. Each received its own demand letter, sent its own response, and relies on its own history with Compass. *Id.* ¶¶ 6, 16–17, 71–72, 76–78. A common adversary and shared policy do not transform their separate claims into one transaction. *Kalie v. Bank of Am. Corp.*, 297 F.R.D. 552, 555, 557–59 (S.D.N.Y. 2013) (severing cases brought by fifty-two mortgage borrowers against sixteen banks and loan servicers, despite allegation of "pattern of misdealing, deceit, and fraud" by all defendants). *Second*, whatever legal framework the claims share, their factual questions differ. Each MLS asserts a different state statute, and whether a rule is a reasonable restraint depends on the rule's terms, enforcement, and effects in a particular market. Am. Compl. ¶¶ 104–13. *Third*, severance would promote judicial economy by allowing the CRMLS dispute to be resolved in one

EimerStahl LLP



forum, the Central District of California, where Compass's broader action against CRMLS is pending and where CRMLS's principal place of business is located. *Id.* ¶ 85. *Fourth*, severance would avoid prejudice to Compass, which otherwise must defend CRMLS's claims in a forum that cannot compel the California non-party witnesses central to them, on a record mixing two MLSs' rules, markets, and enforcement histories. *See* Fed. R. Civ. P. 45(c)(1). Neither MLS is prejudiced by litigating its own rules on its own record in its home district. *Fifth*, the claims require different witnesses and proof. CRMLS's claims turn on California market evidence, CRMLS's board, and its enforcement against California agents; OneKey's turn on the New York market, OneKey's board, and its own enforcement record. *See id.* ¶¶ 37, 74–75.

Once the claims are severed, the Court should transfer CRMLS's claims to California for the reasons stated in Compass's October 20 letter. ECF No. 10, at 3; *see also Wyndham Assocs.*, 398 F.2d at 618. Courts in this District have done exactly that with a plaintiff whose claims required different witnesses and evidence than her co-plaintiffs' claims. *See Dickerson*, 315 F.R.D. at 25–26 (severing one plaintiff's claims and transferring them under Section 1404(a), even though the claims "may [have] involve[d] some common questions of fact or law").

The MLSs' reliance on Compass's motion to quash subpoenas seeking *non-party* deposition testimony from three Compass executives in an unrelated case misses the point. Compass has never disputed that it has executives in New York, where Compass is headquartered. However, the location of those specific executives has little to do with this dispute, which concerns rules adopted by the CRMLS's California board, enforced against California real estate professionals, and harming competition in the California real estate market—the injury for which Compass and its California affiliates chose to sue in California. Am. Compl. ¶¶ 19, 43–44, 74; ECF No. 13-2, at 9. The brokers and agents CRMLS has disciplined, and the "buyers, sellers and buyer agents" CRMLS has promised to enlist to "share their stories," are non-parties in California, beyond this Court's subpoena power. ECF No. 13-3, at 6; *see* Fed. R. Civ. P. 45(c)(1). By contrast, Compass's executives would be party witnesses whose testimony does not depend on compulsory process. Additionally, CRMLS seeks a declaration under California's Cartwright Act, which a California court is best positioned to decide. Am. Compl. ¶¶ 104–08. The dispute between Compass and CRMLS belongs in California.

In addition, for the reasons explained in its October 20 letter, Compass also will move the Court to stay all other proceedings, including its deadline to answer or otherwise move to dismiss under Rule 12, until the Court rules on the motion. I thank the Court for its attention to this matter.

Respectfully submitted,

By: /s/ *Nathan P. Eimer*
Nathan P. Eimer (#1976067)
*Counsel for Defendant Compass, Inc.*

cc: Chambers (via VyskocilNYSDChambers@nysd.uscourts.gov)
Counsel of Record (via ECF)